IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BENSCOTER, | No. 4:22-CV-01142 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

MEMORANDUM OPINION

JANUARY 10, 2024

## I.   BACKGROUND

### A.   Relevant Factual Background[1]

Plaintiff John Benscoter, who at all relevant times held an auto insurance policy issued by Defendant Nationwide Mutual Insurance Company, was involved in a motor accident in which he sustained and was subsequently treated for numerous physical injuries.[2] On October 11, 2019 and again on November 11, 2019, Nationwide informed Benscoter that payment for medical treatment of his injuries was conditioned on him submitting to—and Benscoter did submit to—an independent medical examination ("IME") as required by under his policy:

---

[1] As explained below, for the purpose of this motion, the Court accepts as true all well-pleaded allegations contained in the Second Amended Complaint. *See infra* Section II.
[2] Second Am. Compl. ("SAC"), Doc. 49 ¶¶ 36-41.

> Injured persons must submit to examinations by company-selected physicians as often as the company reasonably requires. The injured person must submit to examination under oath as often as reasonably requested by us.[3]

On November 20, 2019, the Pennsylvania Supreme Court issued its opinion in *Sayles v. Allstate Insurance Company*, holding that "an automobile insurance policy provision, which requires an insured seeking first-party medical benefits under the policy to submit to an independent medical exam whenever the insurer requires and with a doctor selected by an insurer" conflicts with 75 Pa. C.S. § 1796(a) of the Pennsylvania Motor Vehicle Financial Responsibility Law and is void as against public policy.[4]

"Section 1796(a) requires an insurer who wishes to compel a claimant for first-party medical benefits to undergo an IME to file a petition with a court of competent jurisdiction, and, also, to show good cause for the IME. In addition, any court order for an IME must give the insured 'adequate notice of the time and date of the examination,' as well as 'state the manner, conditions and scope of the examination.'"[5] Nationwide did not follow this procedure; it did not petition and demonstrate good cause to a court of competent jurisdiction prior to requiring Benscoter to attend an IME.[6] Further, the IME was conducted by an expert hired by

---

[3]   *Id.* ¶¶ 43-45, 48.
[4]   219 A.3d 1110, 1110 (Pa. 2019); SAC ¶¶ 46-47.
[5]   *Sayles*, 219 A.3d at 1125 (quoting 75 Pa. C.S. § 1796(a)).
[6]   SAC ¶¶ 47, 49-52.

2

Nationwide rather than an independent doctor.[7] Nevertheless, on December 27, 2019, Nationwide terminated Benscoter's auto medical benefits effective January 10, 2020 based on the results of the IME it required Benscoter to attend.[8]

### B. Procedural History

Benscoter initiated this lawsuit on June 17, 2022 and filed an Amended Complaint on February 2, 2023.[9] The parties filed cross-motions for summary judgment;[10] the Court denied Benscoter's motion and granted Nationwide's motion except as to Benscoter's breach of contract claim.[11] In doing so, the Court rejected Benscoter's argument that an IME he attended at Nationwide's direction was void as a matter of law, but permitted him to amend his complaint to include any facts that would show he was otherwise improperly denied benefits.[12] Benscoter filed a Second Amended Complaint on September 11, 2023.[13] Nationwide filed a Motion to Strike, or, In the Alternative, Dismiss Plaintiff's Second Amended Class Action Complaint on October 9, 2023.[14] The Motion is fully briefed and ripe for disposition.[15]

---

[7] *Id.* ¶ 53.
[8] *Id.* ¶ 55.
[9] Compl., Doc. 1-1; Am. Compl., Doc. 26.
[10] The parties consented to converting Nationwide's then pending motion to dismiss into a motion for summary judgment. June 9, 2023 Ord., Doc. 42.
[11] Aug. 22, 2023 Ord., Doc. 48.
[12] Mem. Op. ("MSJ Op."), Doc. 47.
[13] SAC, Doc. 49.
[14] Mot. to Dismiss SAC, Doc. 52.
[15] Br. in Supp. ("BIS"), Doc. 53; Opp. Br. ("BIO"), Doc. 56; Reply, Doc. 59.

## II. LAW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has instructed that, under the standard established by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*[16] and *Ashcroft v. Iqbal*,[17] a court reviewing the sufficiency of a pleading must take three steps: (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they give rise to an entitlement to relief."[18]

## III. ANALYSIS

### A. The Court's August 22, 2023 Opinion

In its Memorandum Opinion regarding the parties' motions for summary judgment, the Court found that a reasonable jury could conclude that Nationwide breached its contract with Benscoter by compelling him to undergo an IME without following the procedure outlined in Section 1796.[19] However, the Court concluded that Benscoter failed to allege or point to any evidence that suggested the results of

---

[16] 550 U.S. 544 (2007).
[17] 556 U.S. 662 (2009).
[18] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[19] MSJ Op. Section IV.B.1.

the IME were actually incorrect and, therefore, that he was not harmed by the breach.[20] The Court specifically rejected that "the IME is void as a matter of law."[21]

In his Second Amended Complaint, Benscoter asserts just the opposite: ". . . IMEs which an insurer compelled an insured to attend based on policy terms and which an insurer did not compel in conformance with the law [are] void as a matter of law."[22] Opposing dismissal of the Second Amended Complaint, Benscoter suggests that the Court had misunderstood him as "claiming that *Sayles* categorically prohibited the use of IMEs across the board (even when voluntarily attended) absent a court order."[23] Benscoter emphasizes that his "claims only concern instances where an insurer *compels* an insured to attend an exam without obtaining a court order through the process mandated by § 1796."[24]

As the Court observed in its prior Opinion, "[i]t is undisputed that Nationwide did not seek the IME pursuant to the procedure set forth in Section 1796, or that a failure to do so to compel an IME may constitute a breach of contract."[25] Further, the Court agreed with Benscoter that a reasonable jury could conclude that

---

[20] *Id.* Section IV.B.2.
[21] *Id.* 23.
[22] SAC ¶ 1; *accord id.* ¶ 67.
[23] BIO 1.
[24] *Id.* at 2 (emphasis in original).
[25] MSJ Op. 20 (citations to FAC and MSJ briefing omitted).

5

Nationwide did in fact compel him to attend the IME.[26] If that was the end of the inquiry, Benscoter would have stated a claim for a breach of contract.

Alas, simply alleging a breach of contract is insufficient to state a breach of contract claim—he must also plead facts sufficient to show that he was harmed by the breach.[27] It may be a distinction only a lawyer could love, and it may leave Benscoter wondering if Dick the Butcher was onto something,[28] but failure to allege that he was harmed by the breach is what doomed Benscoter's claims in his First Amended Complaint.

Arguing otherwise, Benscoter directed the Court to *Thompson v. Workers' Compensation Appeal Board (Exelon Corp.)*[29] which, Benscoter asserts, supports "the legal proposition that exams which are unlawful are void."[30] The Court found that *Thompson*—a case dealing with the denial of workers compensation benefits based on an unlawful Impairment Rating Evaluation—was distinguishable because a prior Pennsylvania Supreme Court decision had essentially found that *all* IREs were unlawful, a step not taken by that Court in its *Sayles* decision.[31] Specifically, the *Thompson* court noted that a previously suggested remedy for an unlawfully procured IRE—remanding the matter to the Workers Compensation Judge for a legal

---

[26]  *Id.* at 21-22.
[27]  *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010).
[28]  William Shakespeare, *The Second Part of King Henry the Sixth*, act 4, sc. 2.
[29]  168 A.3d 408 (Pa. Commw. 2017).
[30]  BIO 3 n.1.
[31]  MSJ Op. 23.

IRE—was foreclosed by the Pennsylvania Supreme Court.[32] Thus, any denial of benefits based on an IRE would be unlawful.

Here, the parties agree that Nationwide could deny benefits based on a lawfully procured IME. Benscoter also did not challenge the results of the "unlawful" IME. Put differently, he failed to allege that a doctor appointed by a court under Section 1796 would have reached a different result, namely that he was entitled to further benefits under his policy. Benscoter does not have an unqualified right to medical benefits from Nationwide. Rather, he is only entitled to benefits for injuries he sustained in his accident and from which he had not yet recovered.[33] The IME found, and Benscoter did not dispute, that he had done just that.

In his Second Amended Complaint, Benscoter alleges for the first time that "he disputes the results of the exam," specifically "that the results of the exam are inaccurate and wrong [and] are the product of bias and interest of the exam[iner]."[34] Conclusory allegations of inaccuracy and bias are insufficient to cause the Court to reconsider its prior finding that Benscoter "fail[ed] to allege that the IME's findings are incorrect or otherwise unreliable."[35] The Court agrees with Nationwide that, even assuming that these allegations would have been sufficient to survive dismissal of Benscoter's original complaint, that ship has since sailed. Nationwide twice argued

---

[32] *Thompson*, 168 A.3d at 412-13.
[33] MSJ Op. 21-22.
[34] SAC ¶ 59.
[35] MSJ Op. 23.

the absence of such allegations warrant dismissal and, only after the Court agreed with Nationwide, did Benscoter change his position.[36]

Plaintiffs granted leave to amend may not avoid dismissal by simply creatively repleading facts that have already been alleged. If Benscoter disagrees with this Court's legal conclusions, he may take his cause to the Third Circuit, but he cannot simply mold the facts of his case to fit the law.

### B. Breach of Contract

In its prior Opinion, the Court found that, while Benscoter had failed to show that he was improperly denied benefits based on the IME, a reasonable juror could find that Benscoter may have nevertheless been entitled to benefits for medical care which fell outside the scope of the IME.[37] The Court permitted Benscoter to amend his complaint a second time if he could allege that he had been denied such benefits. Benscoter's Second Amended Complaint contains no such allegations. Instead, Benscoter simply doubles down on his argument that "[w]ithout the medical exam that Nationwide compelled illegally and based on an illegal policy provision, Nationwide would have had no basis to deny Plaintiff's first-party benefits and would have been obligated to continue paying Plaintiff's benefits."[38] Because the

---

[36] BIS 7-8.
[37] MSJ Op. 24-25.
[38] SAC ¶ 75.

Court has found that such allegations are insufficient to state a claim for breach of contract, the Court will grant Nationwide's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, Nationwide's Motion to Dismiss is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge